IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RENE TORRES, § | |
| § | |
| Movant, § | |
| § | No. 3:19-cv-02778-M-BT |
| v. § | No. 3:15-cr-00432-M-44 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Rene Torres, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Torres's § 2255 motion.

**Background**

Torres pleaded guilty to conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B)(viii). The District Court sentenced him to 151 months' imprisonment. Torres appealed to the Fifth Circuit Court of Appeals, but his case was dismissed under Federal Rule of Appellate Procedure 42(b). *See United States v. Torres,* 2018 WL 11346886 (5th Cir. Aug. 24, 2018). Torres

then filed this § 2255 motion (CV ECF No. 1) and a memorandum in support (CV ECF No. 3),[1] in which he argues:

(1) His retained trial attorney, Brian C. Corrigan, provided ineffective assistance of counsel at sentencing when he

   a. conceded that Torres was ineligible for a minor-role reduction, and

   b. failed to obtain a downward departure under U.S.S.G. § 5K1.1.

(2) His retained appellate attorney, O. Rene Flores, failed to inform Torres that he was dismissing his direct appeal, and he failed to receive permission before moving to dismiss it.

The Government argues that the record shows Torres did not receive ineffective assistance of counsel, either at sentencing or on direct appeal. Therefore, the Government concludes, the Court should summarily reject Torres's ineffective assistance of counsel claims and deny his § 2255 motion. Torres did not file a reply, and the time for doing so has passed. Accordingly, the motion is ripe for determination.

## Legal Standards and Analysis

To prevail on a claim of ineffective assistance of counsel, Torres must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CV ECF" refers to the docket in this civil action, case number 3:19-cv-2778-M-BT; "CR ECF" refers to the docket in Torres's criminal case, case number 3:15-cr-432-M-44.

trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if Torres proves his counsel's performance was deficient, he must still prove prejudice. To demonstrate prejudice, he must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

1. Torres fails to demonstrate that his trial attorney provided ineffective assistance of counsel at sentencing.

Torres's Presentence Report (PSR) (CR ECF No. 1072-1) calculated his base level offense to be 38, based on 5,847 grams of actual methamphetamine seized on February 17, 2015, and 12 kilograms of methamphetamine distributed on March 2, 2015. PSR ¶¶ 17, 24, 31. The PSR added a two-level enhancement because the methamphetamine was

imported from Mexico. PSR ¶ 32. However, the PSR also gave Torres a two-level reduction under the safety-valve provision, 18 U.S.C. § 3553(f)(1)-(5), and a three-level reduction for acceptance of responsibility. PSR ¶¶ 33, 39-40. This resulted in a total offense level of 35. PSR ¶ 41. Torres had no prior criminal convictions. PSR ¶ 44; *see also* (CR ECF No. 1180 at 21, 26). With a total offense level of 35, and a criminal history category of I, his advisory guideline range was 168 to 210 months' imprisonment. PSR ¶ 68. At sentencing, the District Court adopted the PSR without change. (CR ECF No. 1160; CR ECF No. 1180 at 5.) The District Court also granted the Government's motion under U.S.S.G. § 5K1.1, which lowered Torres's total offense level to 34 and the guideline range to 151 to 188 months' imprisonment. (CR ECF No. 1180 at 4-5.) The District Court sentenced him to 151 months' imprisonment.

In his § 2255 motion, Torres argues that his trial attorney, Corrigan, provided ineffective assistance of counsel at sentencing. Mot. 5-6 (CV ECF No. 1); Mem. 5-8 (CV ECF No. 3). Specifically, Torres contends that Corrigan was ineffective for conceding he was ineligible for a minor-role reduction and because he failed to secure a downward departure under § 5K.1.1.

a.   Minor-role reduction

Torres argues that Corrigan erred by conceding he was ineligible for a minor-role reduction. Mot. 5 (CV ECF No. 1); Mem. 5-7 (CV ECF No. 3).

Torres asserts that his role in the drug conspiracy was essentially that of a "mule," and his involvement was "minor," "if not minimal." Mem. 5 (CV ECF No. 3). He contends that the Presentence Report (PSR) plainly demonstrates that he qualified for a two- or three-level reduction because of his minor role. *Id.* 6. Torres further contends that it is "reasonably probable" the District Court would have granted him a minor-role reduction if Corrigan had not made the fatal concession. *Id.* 7.

A defendant is entitled to a mitigating-role reduction under U.S.S.G. § 3B1.2 when he shows by a preponderance of the evidence: (1) the culpability of the average participant in the criminal activity, and (2) he was substantially less culpable than the average participant. *United States v. Palacios-Villalon*, 802 F. App'x 868, 869 (5th Cir. 2020) (per curiam) (citing *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) (footnote omitted)); *see also Arellano-Galeana v. United States*, 2020 WL 5819362, at *3 (N.D. Tex. Sept. 30, 2020). A court's determination regarding whether a minor-participant reduction is appropriate is based "on the totality of the circumstances." *United States v. Kearby*, 943 F.3d 969, 977 (5th Cir. 2019) (citing U.S.S.G. § 3B1.2 cmt. n.3(C)). The decision whether to apply a mitigating-role reduction is a factual finding that is reviewed for clear error. *Palacios-Villalon*, 802 F. App'x at 869 (citing *Untied States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016) (citation omitted)).

Torres's minor-role reduction claim fails under both prongs of the *Strickland* standard. First, Torres has failed to demonstrate that Corrigan's decision was not the result of a reasonable judgment call made under the circumstances. Under *Strickland*, a court's review of counsel's performance should be "highly deferential." 466 U.S. at 698. This is so because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[.]" *Id.* at 689. And "[g]iven the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices." *Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993); *see also United States v. Scott*, 11 F.4th 364, 373 (5th Cir. 2021).

Second, Torres has failed to show prejudice. "In the context of sentencing, prejudice means that but for his counsel's error, his sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000) (per curiam); *see also Glover v. United States*, 531 U.S. 198, 200 (2001) ("[I]f an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"); *United States v. Seyfert*, 67 F.3d 544, 548-49 (5th Cir. 1995) ("To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.") (citing *United States v. Acklen*, 47 F.3d 739,

6

742 (5th Cir. 1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir. 1994)); *Potts v. United States*, 566 F.Supp.2d 525, 537 (N.D. Tex. 2008). Torres cannot demonstrate that he would have received a minor-role reduction if Corrigan had pursued it. *See* (CR ECF No. 1096-1 at 3-4; CR ECF No. 1180 at 25.) Corrigan was not successful in securing a downward variance based on essentially the same argument—his limited role in the offense. Thus, Torres fails to demonstrate Corrigan would have been successful in arguing he was entitled to a minor-role reduction. *See* (CR ECF No. 1180 at 6-25).

In addition, Torres had the burden of demonstrating his entitlement to a minor-role reduction. *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016) ("Castro bore the burden of proof, but she did not make the showing that § 3B1.2 requires."). Torres argues that his "involvement was described as that of a mule," as opposed to "his codefendants, many who were involved in the [drug-trafficking organization] for years involving large quantities of drugs and profiting heavily therefrom[.]" Mem. 5 (CV ECF No. 3). But the Government disputes Torres's characterization of his role as that of a simple drug mule. Resp. 16 (CV ECF No. 10). And even if Torres's characterization is accurate, merely being less culpable than the most culpable participant does not entitle a defendant to a minor-role reduction. In the Fifth Circuit, "[i]t is improper for a court to award a [§ 3B1.2] adjustment simply because a defendant does less than the other

7

participants: . . . the defendant must do enough less so that [he] at best was peripheral to the advancement of the illicit activity." *Castro*, 843 F.3d 613-14 (quotation omitted). Torres has failed to demonstrate that he was entitled to a minor-role reduction under § 3B1.2, and for this reason, he has failed to demonstrate that Corrigan erred by conceding he was not entitled to the minor-role reduction.

Moreover, the record shows that Torres was an average participant of the drug conspiracy. And even if he did not have average culpability, he certainly was not *substantially* less culpable than the average participant. Torres's activities were central to the advancement of the illegal activity. As set forth in his Factual Resume, in February 2015, he drove from the Texas-Mexico border to Dallas, Texas to distribute 12 kilograms of methamphetamine to coconspirator Ignacio Sanchez, and in March 2015, he sent a courier to deliver another 12 kilograms of methamphetamine to Sanchez. (CR ECF No. 983 at 2-3.) Torres served as the conspiracy's direct connection with Mexico, and he admitted this essential role by conceding that he delivered at least 24 kilograms of high-purity methamphetamine from the Texas-Mexico border to a coconspirator in Dallas. (*Id.* at 2-3; CR ECF No. 1180 at 16-17.) Therefore, there is no reasonable probability that the Court would have found Torres substantially less culpable than the other members of the drug conspiracy. In fact, the District Court recognized as much when it rejected Torres's argument that his involvement was a

8

"mistake" and not a "conscious[ ]" decision to "deal[ ] with a substantial quantity of very dangerous drugs" and sentenced him to 151 months' imprisonment. (CR ECF No. 1180 at 17-18, 21-22.) The sentence Torres received is comparable to the sentences received by similarly situated codefendants. *See id.* at 25 (The District Court advised Torres "[t]hat is the sentence that I have imposed on a number of people who are engaged in very similar conduct to yours who have similar criminal histories to yours who had similar motions to yours.").

Last, the drug-quantity calculation and base-offense level for Torres, as calculated by the PSR and adopted by the District Court, appropriately captured Torres's role in the conspiracy, as it held him accountable for only the amount of methamphetamine he personally distributed: (1) 5,847 grams of actual methamphetamine that agents seized on February 2015, from Jose Morales after Torres delivered 12 kilograms to Ignacio Sanchez and then Sanchez delivered 5,901 grams of that methamphetamine (99.1% purity) to Morales; and (2) 12 kilograms of methamphetamine that Torres sent via courier to Sanchez in March 2015. PSR ¶¶ 17, 24. Under relevant conduct, U.S.S.G. § 1B1.3(a)(1)(B), Torres could have been held accountable for the total quantity of drugs distributed by the conspiracy, but he was not. PSR ¶¶ 17, 24. Rather, the District Court's drug-quantity calculation accounted for Torres's specific role in the conspiracy, to which he pleaded guilty. *See* PSR

¶¶ 17, 24. Accountability for his specific role in the offense appears to be what Torres is seeking, and he received that benefit at sentencing.

As discussed, the Court rejected Corrigan's argument for a downward variance based on Torres's role in the conspiracy after the Government and the District Court discussed Torres's culpability relative to others in the conspiracy and the District Court's ultimate imposition of a sentence consistent with his role. (CR ECF No. 1180 at 6-25.) Torres cannot demonstrate that Corrigan's performance was deficient, and he has not shown a reasonable probability that he would have received a minor-role reduction had Corrigan argued in favor of it. This ineffective assistance of counsel claim fails under both prongs of *Strickland*, and it should be denied.

  b. § 5K1.1 departure

Next, Torres argues that Corrigan provided ineffective assistance of counsel by failing to secure a downward departure under § 5K1.1. Mot. 6 (CV ECF No. 1); Mem. 8 (CV ECF No. 3). He further argues that he provided information that led to an arrest, and he should have been eligible for a downward departure under § 5K1.1. Mem. 8 (CV ECF No. 3). However, the District Court granted the Government's motion for a downward departure and lowered Torres's base offense level from 35 to 34 as a result. (CR ECF No. 1180 at 5.) On October 5, 2017, Corrigan filed a sealed motion for downward variance, and it provided that he believed Torres was unable to earn a § 5K1.1 departure because he "did not know very much about the drug

10

operation in which he was involved." (CR ECF No. 1096-1 at 4.) It appears that Corrigan persisted in seeking the reduction, and ultimately Torres got a § 5K1.1 departure through the government's October 18, 2017 motion for a departure. (CR ECF No. 1099.) In sum, Torres received the relief he now seeks. Torres's ineffective assistance of counsel claim fails under both prongs of *Strickland*, and it should be denied.

2. <u>Torres fails to demonstrate that his appellate attorney provided ineffective assistance of counsel</u>.

Finally, Torres argues that his appellate attorney, Flores, erred by failing to get his permission or notifying him before dismissing his direct appeal. Mot. 4 (CV ECF No. 1); Mem. 2-4 (CV ECF No. 3). He further argues that prior to retaining Flores, Flores assured both him and his family the case had appealable issues. Mem. 2 (ECF No. 3). Torres claims that once Flores had the retainer in hand, "they never again heard from him – especially to let them know he was filing a 'voluntary' motion to dismiss the appeal." *Id.* at 3. Torres concludes that Flores's actions resulted in him being denied an appeal altogether, and the Court should reinstate his direct appeal. Mot. 4 (CV ECF No. 1); Mem. 2-4 (CV ECF No. 3).

A defendant is entitled to effective assistance of counsel on direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 394 (1985). The proper standard for evaluating a claim that appellate counsel was ineffective is the two-prong standard set forth in *Strickland v. Washington. Smith v. Robbins*, 528 U.S.

11

259, 285 (2000); *Green v. Johnson*, 160 F.3d 1029, 1043 (5th Cir. 1998); *see also Blanton v. Quarterman*, 543 F.3d 230, 240 (5th Cir. 2008) ("In reviewing a claim alleging ineffective assistance of appellate counsel we apply the traditional *Strickland* standard."). To demonstrate prejudice in the context of an appellate counsel claim, a movant must show a reasonable probability that he would have prevailed on his appeal. *Robbins*, 528 U.S. at 285; *see also Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001). "On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available." *Green*, 160 F.3d at 1043. "Rather, it means, as it does at trial, counsel performing in a reasonably effective manner." *Id.* To demonstrate prejudice, a movant must "show a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." *Briseno*, 274 F.3d at 207. Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, [ ] it is difficult to demonstrate that counsel was incompetent." *Robbins*, 528 U.S. at 288.

      Torres, through his appellate attorney, Flores, filed a timely notice of appeal. (CR ECF No. 1145); *see also United States v. Torres*, No. 18-10214 (5th Cir. Feb. 23, 2018). Flores requested transcripts, and the Fifth Circuit issued a briefing notice requiring Torres to file his brief by June 18, 2018. *See Torres*, No. 18-10214. On June 11, 2018, Flores noted that he had experienced a delay in obtaining Torres's discovery from his trial attorney

12

and the delay caused by his previously scheduled trial. *Id*. Flores moved for a 30-day extension of time to file Torres's brief. *Id*. The Fifth Circuit granted the motion and set the new deadline for Torres's brief as July 18, 2018. *Id.* (June 12, 2018). On July 12, 2018, Flores explained that he had been unable to coordinate an attorney-client visit with Torres following receipt of the discovery and had sustained an injury causing broken ribs. *Id*. Flores moved for an additional 30-day extension of time. *Id.* The Fifth Circuit granted the motion, and the new deadline for Torres's brief was August 20, 2018. *Id.* (July 16, 2018). On August 20, 2018, Flores moved to dismiss Torres's appeal under Federal Rule of Appellate Procedure 42. *Id.* On August 24, 2018, the Fifth Circuit granted the motion and dismissed Torres's appeal. *See id.* (Aug. 24, 2018).

On June 27, 2019, almost a year after Torres's appeal was dismissed, he filed a *pro se* motion in the Fifth Circuit to reopen his case. *Id.* In that motion, Torres claimed that Flores failed to meet with him, obtain his permission to dismiss the appeal, and notify Torres that Flores intended to move for dismissal of the appeal. *Id.* (July 27, 2019). On June 28, 2019, the Fifth Circuit denied Torres's motion. *See id.* (June 28, 2019). Torres then filed a petition for writ of certiorari in the Supreme Court, but it was denied on January 13, 2020. *See Torres v. United States*, 19-6756 (Sup. Ct. Jan. 13, 2020).

To demonstrate that Flores was ineffective under *Strickland*, Torres must show: (1) he acted unreasonably in failing to discover nonfrivolous issues for appeal and (2) he suffered prejudice, namely that there is "a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *See Robbins*, 528 U.S. at 285-86 (citing *Strickland*, 466 U.S. at 694). In addition, "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288.

Prejudice is not presumed here because the record fails to demonstrate that Torres was denied appellate counsel altogether. *See Lombard v. Lynaugh*, 868 F.2d 1475, 1480 (5th Cir. 1989) (Goldberg, concurring) ("[A]ctual or constructive denial of any assistance of appellate counsel altogether is legally presumed to result in prejudice.'") (quoting *Penson v. Ohio*, 488 U.S. 75, 88 (1988)). Rather, Flores has provided an affidavit, which demonstrates his thoughtful actions, and the events surrounding Torres's appeal before Flores moved to dismiss the appeal, with Torres's consent. Gov't's App. 3-7 (CV ECF No. 11). Flores claims that Torres's allegations are "untrue." *Id.* 3. Flores's first meeting about Torres's case occurred on February 20, 2018, and Torres was not present, but his wife, Criselda Torres, was present at the meeting. *Id.* At the first meeting with Torres's family, time was of the essence because Torres's notice of

14

appeal was due the next day. *Id.* Torres's wife paid Flores a $5,000 retainer. *Id.* Following the first meeting, Flores met with Torres and his family on March 5, 2018, and again on March 8, 2018. *Id.* 4-5.

On February 21, 2018, Flores drafted and filed Torres's notice of appeal. *Id.* After Flores reviewed discovery provided by Torres's trial attorney, the rearraignment transcript, and the PSR, he explained to Torres's family that the rearraignment transcript could not support an argument that Torres's plea was involuntary. *Id.* 6. Following the discussions with Torres and his family, Torres ultimately agreed the cost (financial and otherwise) of furthering the appellate process was not reasonable. *Id.* 7. On July 13, 2018, Flores conferred with Torres's daughter and gave her a copy of Torres's file "after discussing [with her that] the appeal would be dismissed." *Id.* 6. Flores states that he was instructed to move to dismiss the appeal, but he concedes he did not receive written authorization. *Id.* Flores then advised Torres that he needed to consider debriefing during the first year after sentencing to encourage the Government to agree to recommend a sentence reduction. *Id.* Flores talked with the prosecutor, who advised that—unless Torres had "additional information"—the Government was not interested in debriefing. *Id.*

The evidence is insufficient to demonstrate deficient performance or prejudice under *Strickland*. Torres waived his right to challenge his conviction and sentence on direct appeal. (CR ECF No. 981 at 5.) An

15

appellate waiver is generally enforceable. *See United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. Kelly*, 915 F3d 344, 348-51 (5th Cir. 2019). Torres fails to specify what arguments Flores should have raised, much less explain how these arguments would have survived the appellate waiver in his plea agreement. *See* Mem. 2-4 (CV ECF No. 3). For the reasons previously discussed, Flores likely would not have been successful in challenging the issues Torres raises with his sentence: a lack of a minor-role adjustment and a § 5K1.1 departure at sentencing. Consequently, Torres has failed to identify any unwaived, meritorious issues that Flores should have raised on direct appeal, and for this reason, he has failed to show deficient performance or prejudice. *See Halprin v. Davis*, 911 F.3d 247, 260 (5th Cir. 2018) (recognizing the two-pronged *Strickland* standard governs claims of ineffective assistance of appellate counsel).

Torres and his wife, daughter, and his daughter's boyfriend all claim that Flores failed to obtain Torres's consent prior to filing the motion to dismiss his appeal. Mot. 4 (CV ECF No. 1); Mem. 35-42 (CV ECF No. 3). However, this is inconsistent with Flores's affidavit, which unequivocally states that, in August 2018, he filed a motion to dismiss the appeal "pursuant to [Torres's] instructions." Gov't App. 7 (CV ECF No. 11). Flores also explained Torres's instructions to dismiss the appeal to his family. *Id.*

In sum, Torres has not shown that he had any meritorious issues to raise on direct appeal. Likewise, Flores's affidavit disproves Torres's claim

16

that he did not direct Flores to dismiss his appeal. Accordingly, this claim should be denied.

## Recommendation

The Court should DENY Torres's motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed June 3, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).